CASE 60—INDICTMENT FOR INDUCING A FEMALE UNDER TWENTY-ONE YEARS OF AGE TO ENTER A HOUSE OF PROSTITUTION—SEPT. 25.

## Commonwealth v. Israel.

APPEAL FROM THE JEFFERSON CIRCUIT COURT.

INDICTMENT DISMISSED AND COMMONWEALTH APPEALS—REVERSED— OPINION CERTIFIED.

Held: Kentucky Statutes, section 1215, which provides for punishing as a felon "any person who shall be found guilty of inducing, persuading, aiding or abetting, or enticing any female who has never been married, under the age of twenty-one years, to enter a house of ill-fame, house of prostitution, assignation or bawdy house, whereby such female so induced, persuaded, aided or enticed, shall be seduced and lose her virtue,"

Commonwealth v. Israel.

applies though the person enticing is also the seducer; and an offer on his part to marry the girl constitutes no defense, though section 1214 specifically provides for the punishment of any person who shall, under promise of marriage, seduce any female under twenty-one years of age, and then provides that no prosecution shall be instituted when the person charged shall have married the girl seduced.

SAMUEL J. BLITZ AND ROBT. J. BRECKINRIDGE, ATTORNEY-GENERAL FOR COMMONWEALTH.

(No briefs.)

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Appellee was indicted and tried under the charge of having induced or aided a female under 21 years of age to enter a house of prostitution. Section 1215 of the Kentucky Statutes creates and defines this offense as follows: "Any person who shall be found guilty of inducing, persuading, aiding or abetting, or enticing any female who has never been married, under the age of twenty-one years, to enter a house of ill-fame, house of prostitution, assignation or bawdy house, whereby such female so induced, persuaded, aided or enticed, shall be seduced and lose her virtue, shall, upon indictment and conviction, be confined in the penitentiary not less than two nor more than five years." The evidence in the case showed that appellee and another man in the fall of 1900 formed the acquaintance of two girls, aged about 16 and 17 years, respectively. These girls were employed as sales clerks in a novelty store of Louisville, and appellee and his companion called to see them briefly at their place of employment several times, resulting in a trip to Jacob Park on the Sunday before Christmas, 1900. After remaining at the park with them several hours, they brought them back to the city in a surrey, and then took them to the assignation house, where

it is admitted they carnally knew them. It is further proven that the girls were unmarried, were virgins when taken to this house, and it is admitted, too, that the house to which they were taken was an assignation house; and by appellee it is admitted in his testimony that he knew when he took the girl into it that it was an assignation house. That he took her there for the purpose of seducing her is equally manifest from the record. But he testified that he accomplished his purpose by promise of marriage to the girl, and was yet willing to marry her, and offered to do so, but she refused him. Com. v. Wright 16 R., 251) 27 S. W., 815. On these facts, the court required the jury, under peremptory instructions, to find defendant not guilty, which was done. The Commonwealth's attorney, and the attorney-general have prosecuted this appeal, that the statute may be construed, and the law certified for the guidance of trial courts in the future.

It is said to have been the view of the lower court, and was the argument of appellee on the trial (the case is not briefed for him here), that this section of the statute quoted above was aimed at "procurers," "procuresses," "runners," and the keepers of such houses; that it was restricted in its operation to that class of people exclusively. And it is said that in support of that argument section 1214, Kentucky Statutes, was cited, and thought to be confirmatory. That section is as follows: "Whoever shall, under promise of marriage, seduce and have carnal knowledge of any female under twenty-one years of age, shall be guilty of a felony, and upon conviction thereof, shall be confined in the penitentiary not less than one year and not more than five years. No prosecution shall be instituted when the person charged shall have married the girl seduced; and any prosecution instituted shall be discon-

tinued, if the party accused marry the girl seduced before final judgment. All prosecutions under this section shall be instituted within two years after the commission of the offense." Section 1215, of course, includes all those classes named, and, in our opinion, the seducer as well. It will be observed that these two sections quoted in this opinion,— that is, sections 1214 and 1215 in the current edition of the Kentucky statutes (Carroll, 1899),—under title of crimes and punishments (chapter 36), constitute what is known as subdivision 12, which is a chapter on the subject of "Seduction." It was therefore presumably the purpose of the Legislature in the enactment of these two sections to provide suitable punishment for the crime of seduction, with a view to preventing it. The first section deals with the seducer who, under the promise of marriage, deceives the immature mind of a virtuous girl, and by means of such deception works her ruin. But, in the evident contemplation of the Legislature, thus far such a damage was not irreparable. For, inasmuch as the woman had subjected her person only to her seducer, and that under a promise of marriage, and that, as far as the community knew, her outward conduct had not lost its rectitude, the seducer, by complying with his promise of marriage, could right the wrong done, at least so far as society was concerned. Then the law would have been satisfied. So far, so good. But it was doubtless believed that the seducer, to succeed in his purpose, would or might sometimes entice his victim into a house of prostitution or ill fame, thereby destroying utterly and forever every prospect of her redemption. For, one having once entered such an institution, it may be assumed, the sense of shame or pride or of honor would probably not again be sufficient to protect her. Therefore, to prevent this

crime, worse than that denounced in the preceding section, the Legislature provided a penalty. But were the purpose of the Legislature in the enactment of the section relied upon by the prosecution less evident than we conceive it to be from the scope of the chapter in which it is found, and the deplorable prevalence of the evil which it was sought to remedy, the language of the section is so comprehensive, so unambiguous, so perspicuous, that we can not see how a different construction can be placed upon it. That which the Legislature was trying by this section to prevent was the seduction of infant virgins in houses of prostitution. It therefore declared that any person who, by whatever means of persuasion, accomplished that end, to be a felon, and provided punishment accordingly. For the language is that he who shall entice or induce such a female to enter such an institution, whereby her virtue is lost, shall be guilty. It does not exclude her seducer, nor can we imagine any possible reason why it should do so, as, of all persons, he is the one who is primarily guilty. That this act may fall within the punishable scope of other sections of the law is no reason why, when embraced by the plain terms of the section in question, he should not be punished under it, if the representative of the Commonwealth in the prosecution sees proper to so frame his complaint. Although it is now impossible, under the Constitution of this State, to retry appellee under the charge contained in this indictment, it is our duty to declare the law upon the application of the Commonwealth, which is accordingly done, and ordered to be certified by the clerk.